BERTAUT & CO., PLAINTIFFS AND APPELLANTS, *v.* MÁRQUEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in an Action on Contract.

No. 2787.—Decided January 24, 1924.

MERCANTILE PURCHASE AND SALE—DEPOSIT—MERCANTILE DEPOSIT—DEPOSITARY.—Alleging that the purchaser, without reason, had refused to receive and pay for two lots of rice sold to him by samples, and that the rice was deposited in a certain warehouse, the seller brought proceedings under section 1144 of the Civil Code and prayed the court that after notice to the purchaser it adjudge that the deposit of the rice was proper. *Held:* 1st, that under such circumstances the proceedings elected did not lie; and, 2nd, that the petition can not be considered as showing a mercantile deposit, because, in accordance with section 332 of the Code of Commerce, a mercantile deposit is a consequence of an action for the performance of a contract of sale and no such allegation is made in the petition in this case, which, besides, failed to designate the depositary so that the court might determine whether he was a person of sufficient responsibility, as required by article 2080 of the Spanish Law of Civil Procedure which is still in force.

The facts are stated in the opinion.

*Messrs. J. and A. García Ducós* and *H. G. Molina* for the appellants.

*Messrs. Reichard & Reichard* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Bertaut & Co., a mercantile firm of Louisiana, brought proceedings in the District Court of Aguadilla and alleged under oath that they had sold to José L. Márquez, a merchant of Aguadilla, two lots of rice—one of 1,000 sacks and the other of 500 sacks—according to samples left in the pos-

session of the buyer and that upon delivery of the 1,500·
sacks of rice to Márquez he refused to receive it and pay
for it without any good reason; therefore they notified him
that they would deposit the rice at his disposal in the District Court of Aguadilla, the said rice being stored in the
warehouse of The New York and Porto Rico Steamship
Company in Aguadilla where it would be delivered to the
purchaser upon the payment of its value. On these allegations they prayed that after due notice to José L. Márquez the court adjudge that the deposit of the said merchandise was made according to law.

Márquez demurred on the ground that the petition did
not state facts sufficient to constitute a cause of action, and
in an answer set up several reasons why the petition should
not be sustained, one being that the rice sought to be delivered to him was not the quality of rice that he purchased.

The parties offered evidence in the court below, but the
court refused to consider it for the reason that the proceeding established by section 1144 of the Civil Code was not
applicable to this case; that in the case of a mercantile
deposit because without good reason the purchaser had
refused to receive the merchandise purchased, the deposit
should be governed by the Code of Commerce and the Law
of Civil Procedure in force prior to the adoption of ·the
Code of Civil Procedure in 1904, and that under those codes
the petition did not state facts sufficient to constitute a
cause of action for deposit; therefore, the court dismissed
the proceedings and from that judgment Bertaut & Co. took
the present appeal.

According to section 1124 of the Civil Code, one of the
ways of extinguishing civil obligations is by their payment
or fulfilment. Sections 1144 to 1149 of that Code provide
that if the creditor to whom the tender of payment has been
made should ·refuse to accept it, without reason, the debtor

shall remain released from all liability by the consignation of the thing due; that the same effect shall be produced by the consignation alone when made in the absence of the creditor, or when the latter should be incapacitated to accept the payment when it is due, and when several persons claim to have a right to collect it, or when the instrument mentioning the obligation has been mislaid; that in order that the consignation of the thing due may release the obligee, notice thereof must previously be given to the person interested in the fulfilment of the obligation, and the consignation, shall have no effect when not strictly in accordance with the provisions governing payment; that consignation shall be made by depositing the things due at the disposal of the judicial authority before whom the tender shall be proven in a proper case and the notice of the consignation in other cases; that after the consignation has been made the persons interested shall also be notified thereof; that the expenses of the consignation, when proper, shall be charged to the creditor; that after the consignation has been duly made the debtor may request the court or judge to order the cancellation of the obligation; that until the creditor may accept the consignation or a judicial decision should be rendered that it was properly done, the debtor may withdraw the thing or amount consigned, leaving the obligation in force; that if, after the consignation has been made, the creditor should authorize the debtor to withdraw it, the former shall lose the preference he may have in the thing and the co-debtors and sureties shall be released.

Although the appellants allege that these statutes are applicable to the consignation that they sought to make in this case, their texts show clearly that they refer to the extinguishment of civil obligations when the creditor refuses to accept the thing due, or can not accept it because of his incapacity or absence, or when several persons claim to have a

right to collect it, or when the instrument mentioning the obligation has been mislaid, and in no way refer to the performance of contracts of purchase and sale wherein there is neither creditor nor debtor, and much less to mercantile contracts which, because of their nature and the parties interested must be governed by the provisions of the Code of Commerce; therefore, the consignation proceedings instituted by the appellants are not the proper remedy and for this reason alone the judgment appealed from should be affirmed.

The appellants maintain, however, that if these consignation proceedings are not the proper remedy, in any event the petition contains allegations sufficient to give the deposit the character of a mercantile deposit.

There can be no doubt that the purchase and sale in this case was a mercantile transaction, and with regard to it article 332 of the Code of Commerce provides that if the purchaser refuses without just cause to receive the goods bought, the vendor may demand the fulfilment or rescission of the contract, depositing the merchandise in court in the first case. Therefore, in accordance with that statute the mercantile deposit of the goods sold and not accepted by the purchaser is the sequent of an action for the performance of the contract of sale and there is no allegation in the petition in this case that such an action had been brought.

In the Code of Civil Procedure in force since 1904 there is no provision for giving effectiveness to the right of deposit recognized in article 332 of the Code of Commerce, but there is in the Law of Civil Procedure previously in force and, therefore, it must be invoked, for in this respect it is still in force (Code Civ. Pro. sec. 361) because it is not inconsistent or in conflict with any of the provisions of the present Code of Civil Procedure.

Part II of Book III of the said Law of Civil Procedure treats of acts of voluntary jurisdiction in commercial

matters and article 2080 thereof provides that if as a result of the provisions of several articles of the old Code of Commerce referred to, among them article 365, which is the equivalent of article 332 of the Code of Commerce now in force, it becomes necessary to make a deposit of commercial effects, the person instituting proceedings shall present a written request therefor to the judge, containing an itemized statement of the goods sought to be deposited and designating the person who is to be the depositary and who must be a registered merchant, should there be any at the place, and in his absence some taxpayer who pays taxes sufficient in the opinion of the judge to be a sufficient guaranty, taking into account the value of the deposit and the conditions of the place, it being in any case the privilege of the judge to weigh the guaranties offered by the depositary designated by the person who requests the deposit, and if he concludes that another person should be appointed he shall make such appointment, subject to the provisions of that article.

The petition in this case did not designate the person who was to be the depositary, and although the appellants themselves deposited the goods in the warehouse named in the petition, they did not state the facts from which the judge might conclude that the said depositary had a sufficient guaranty.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.